BRYAN T. DAKE
Assistant U.S. Attorney
ERIC E. NELSON
Special Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: 406-657-6101
Fax: 406-657-6058
Email: Bryan.Dake@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED**
FEB 27 2019
Clerk, U.S. Courts
District Of Montana
Billings Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 17-143-BLG-SPW |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | *(Rule 11(c)(1)(A) and (B) Federal Rules of Criminal Procedure)* |
| MARK HURST, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Bryan T. Dake and Eric E. Nelson, and the defendant, Mark Hurst, and the defendant's attorney, Brad Arndorfer, have agreed upon the following:

AUSA   DEF   ATTY   Date                                              Page 1

1.   **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.   **Charges:** The defendant agrees to plead guilty to the sole count of the superseding information charging Clean Air Act – Negligent Endangerment, in violation of 42 U.S.C. § 7413(c)(4) and 18 U.S.C. § 2. This offense carries a maximum punishment of one year imprisonment, a $100,000 fine, one year of supervised release, and a $25 special assessment.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss the indictment.

3.   **Nature of the Agreement:** The parties agree that this plea agreement will be governed *Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, the indictment and does not pursue other charges against the defendant; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and the indictment is dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.



| AUSA | DEF | ATTY | Date |

Page 2

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in the superseding information. In pleading guilty, the defendant acknowledges the following –

First, that the defendant is a person, either an individual or corporation;

Second, that the defendant negligently;

Third, released into the ambient air[1];

Fourth, a hazardous air pollutant or any extremely hazardous substance[2];

Fifth, and at the time of the release, the defendant thereby negligently; and

Sixth, placed another person in imminent danger of death or serious bodily injury.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

---

[1] "Ambient air" means that portion of the atmosphere not completely enclosed in a building or structure.

[2] A hazardous air pollutant or extremely hazardous substance is one that is listed pursuant to 42 U.S.C. § 7412 or 42 U.S.C. § 11002(a)(2) respectively. 42 U.S.C. § 7413(c)(4). The Natural Gas Condensate in this case contained hexane and xylene, both listed hazardous air pollutants under 42 U.S.C. § 7412(b)(1).

(c) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The

defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

| AUSA | DEF | ATTY | Date |
|---|---|---|---|
| [signature] | Mot | [signature] | feb 21/19 |

Page 5

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The United States will recommend at sentencing that the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.

The parties agree that the defendant shall be responsible for a fine to the United States totaling $5,000.

The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by these recommendations.

7. **Agreement as to Restitution:** In exchange for the considerations granted the defendant by this agreement, the defendant agrees to an entry of a restitution order that includes restitution to two collateral victims of the crime, that

is, John Doe 1 and John Doe 2, in amounts to be determined at or before sentencing. 18 U.S.C. § 3663A(a)(3).

8. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

9. **Waiver of Appeal of the Sentence – Conditional:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. The prosecution has a comparable right of appeal. 18 U.S.C. § 3742(b). By this agreement the defendant waives the right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release, if the sentence imposed is within or below the guideline range calculated by the Court, regardless of whether the defendant agrees with that range. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel. The United States waives its right to appeal any aspect of the sentence if the sentence imposed is within or above the guideline range calculated by the Court.



**10. Waiver of Appeal of the Sentence – 5k motion:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to USSG §5K1.1 to reward the defendant for any substantial assistance provided before sentencing. If such a motion is made and the Court accepts the plea agreement, the defendant waives all right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to file such a motion or make such a commitment without express written approval of the U.S. Attorney or a Committee of other prosecutors

designated and empowered by the U.S. Attorney to approve such a motion. USAM 9-27.400.

**11. Waiver and Dismissal of Appeal of the Sentence – Rule 35 motion:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure, to reward the defendant for any substantial assistance the defendant provides after sentencing. If such a motion is made, and granted by the Court, the defendant agrees to waive any appeal or collateral attack of the sentence and judgment imposed, and dismiss any pending appeal of the judgment and sentence previously taken. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any



| AUSA | DEF | ATTY | Date | | Page 9 |

individual prosecutor to make such a commitment without express written approval of the U.S. Attorney, or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. USAM 9-27.400.

12. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

13. **Detention/Release After Plea:** The United States agrees that it will not move for detention, but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

14. **Disclosure of Financial Information:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S.

Probation Office about the defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

15. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

///

///

///

///

///

///

///

///

///

16. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

BRYAN T. DAKE
Assistant U. S. Attorney
Date: 2-27-19

MARK HURST
Defendant
Date: feb 21/19

BRAD ARNDORFER
Defense Counsel
Date: 2/27/19